UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

**NIRAVKUMAR VORA**
11 Egan Street,
Edison, NJ  08820
     Plaintiffs

v.

**UR MENDOZA JADDOU,** Director of USCIS, in her official capacity, and   Action _____
**US CITIZENSHIP & IMMIGRATION SERVICES**
5900 Capitol Gateway Drive
Camp Springs, MD. 20588

**ALEJANDRO MAYORKAS**, Secretary, U.S.
Department of Homeland Security, in his official
capacity, and
**U.S. DEPARTMENT OF HOMELAND SECURITY**
245 Murray Lane, Bldg. 410
Washington, DC 20528

     Defendants.

## COMPLAINT FOR DECLARATORY AND MANDAMUS RELIEF

### PRELIMINARY STATEMENT

This action is brought to remedy the unlawful, unreasonable, arbitrary, prejudicial and capricious delay by the U.S. Citizenship and Immigration Services ("USCIS" or "the agency") in reviewing and/or adjudicating Plaintiff's "Immigrant Petition by Alien Entrepreneur" ("Form I-526 Petition"). The agency's continuing and inexcusable delay in acting on Plaintiffs' Form

I-526 Petition is contrary to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 706(1), 706(2)(A), (C), (D), and warrants an exercise of this Court's mandamus power under the Mandamus and Venue Act ("Mandamus Act"), 28 U.S.C. §1361. Plaintiff requests that this Court issue an order pursuant to the APA and the Mandamus Act directing Defendants to commence consideration and adjudication of Plaintiffs' I-526 Petition, or any other application related thereto, as discussed *infra*, within 15 days.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, because Plaintiffs' claims arise under the Immigration and Naturalization Act, 8 U.S.C. § 1101, et seq. ("INA") and its implementing regulations. Further, this Court has subject-matter jurisdiction over this mandamus action as provided by 28 U.S.C. §§ 1361 and 1331. Finally, this Court has jurisdiction over the instant matter pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 555(b) and 706(b).

2. Venue is proper in the District Court of the District of New Jersey under 28 U.S.C. §§ 1391(b) and (e), as the Plaintiffs live in the District, and a substantial part of the activities of the subject New Commercial Enterprise occur in this District. All Defendants are officers of the United States, and are sued in their official capacity, and work for a Cabinet Department and/or agency that has offices and does business in the District of New Jersey. The United States Citizenship & Immigration Service (hereafter "USCIS"), which is a defendant subject herein, is an agency of the Department of Homeland Security, and has Application Support Centers in Elizabeth and Hackensack, NJ.

## PARTIES

3. Plaintiff is a citizen of India and was born in India. He is married to Indian citizen Krupali Piyushkumar Patel. He and his wife have two minor children, Jiya N. Vora, DOB 9/6/2014, and Samar N. Vora, DOB 3/21/2018.

4. Plaintiff Vora filed a Form I-526 Immigrant Petition by Alien Entrepreneur on November 28, 2018, which was accepted by USCIS for processing according to USCIS Receipt WAC1990069885.

5. Defendant Alejandro Mayorkas is sued in his official capacity as the Secretary of the Department of Homeland Security. In this capacity he has responsibility for the administration of the immigration laws pursuant to 8 U.S.C. § 1103 and routinely transacts business in the District of New Jersey.

6. Defendant Ur M. Jaddou is sued in her official capacity as the Director of USCIS, which is an agency of the Department of Homeland Security. In this capacity she has responsibility for the administration of the immigration laws and routinely transacts business in the District of New Jersey. Defendant USCIS is responsible for the adjudication of I-526 petitions. See generally 8 C.F.R. § 204.6.

7. Defendant Jaddou and USCIS supervise and maintain a Field Office to adjudicate I-526 Petitions called the Immigrant Investor Office (IPO), which is located in Washington, DC.

## LEGAL AND FACTUAL BACKGROUND

**I. The EB-5 Program**

8. Congress created the EB-5 Program in 1990 to stimulate the U.S. economy through job creation and capital investment by foreign investors like Plaintiff. Under the laws and regulations at the time Plaintiff filed his initial Petition, a foreign citizen could obtain conditional, and later permanent, resident status upon the investment of at least $500,000 and the creation of at least ten full-time jobs as part of a new business venture. *See* 8 U.S.C. § 1153(b)(5); 8 C.F.R. §204.6(f)(2).

9. To apply for an EB-5 visa and conditional resident status, a foreign entrepreneur must first submit a Form I-526 Petition and supporting documentation demonstrating that the required capital has been committed and is actually at risk; that the investment is made from the entrepreneur's own lawfully acquired funds; and the existence of a comprehensive business plan demonstrating that ten full-time jobs will be created by the investment. 8 C.F.R. § 204.6(j).

10. I-526 Petitions are adjudicated at the Investor Program Office ("IPO"), located in Washington, DC. When and if they are approved, further processing of the prospective immigrant's various petitions and applications takes place overseas through "Consular Processing" and visa issuance by the Department of State, or domestically, at service centers run by USCIS.

## II. Plaintiff Applies for an EB-5 Visa by Filing an I-526 Petition

11.  Plaintiff and his family decided to become an immigrant investor in the EB-5 Program, and so, Plaintiff filed a I-526 Petition, which was received and accepted for processing by USCIS on November 28, 2018, according to USCIS Receipt WAC1990069885. The I-526 included comprehensive evidence demonstrating that the required capital investment was committed and was actually at risk; that the investment was made from Plaintiff's own lawfully acquired funds; and that at least ten full-time jobs would be created by Plaintiff's investment.

12.  As discussed in his I-526 Petition, on November 8, 2018, Plaintiff invested $500,000 in a new commercial enterprise ("NCE") called PriceSmart Distributors (the "Company" or "PriceSmart").  PriceSmart has been organized to distribute nondurable goods, such as snacks, for convenience stores, supermarkets, tobacco outlets, drug stores, and gas stations throughout Eastern Pennsylvania, Connecticut, parts of New Jersey, and southern New York.

13.  At least one other investor also invested in a related New Commercial Enterprise (NCE) which NCE does business with this Plaintiff's NCE. That investor's I-526 was approved on August 7, 2020. So USCIS is familiar with Plaintiff's NCE and the business model.

## III.  Plaintiff was not approved, but instead, received a Request for Evidence (RFE) in which USCIS requested additional evidence regarding the NCE.

14.  USCIS and its IPO did little to nothing with Plaintiff's I-526 Petition until 2 ½ years after they received it, notwithstanding that they collected his non-refundable application fee, when on April 12, 2021, IPO issued a Request for Evidence (RFE), in which it informed Plaintiff that they did not believe he had met the burden of proof for the I-526 Petition. In the RFE, USCIS

demanded additional proof by July 8, 2021. It is relevant to this Complaint, while not determinative of the relief sought, that the RFE was internally confusing, arbitrary in the material it requested, over-broad and specious.

15.  Because of Covid, USCIS permitted extensions of time to respond to certain applications, including RFEs related to I-526 Petitions. On September 2, 2020, through his previous counsel, Plaintiff submitted his timely response to the RFE.

16.  As of today, 7 months after Plaintiff responded to the RFE, he has yet to receive a response thereto.

**IV. USCIS Has Willfully and Arbitrarily Chosen to Damage the EB-5 and other Immigration Programs by Delay**

17. Upon information and belief, USCIS has access to the necessary facts to adjudicate Plaintiffs' Form I-526 Petition, or at least to respond to the RFE, and therefore has no valid justification for delaying its consideration of the RFE and the I-526.

18. The IPO in Washington, DC is part of USCIS's Field Office Directorate, and specializes in the I-526 and related applications. The mismanagement of the IPO is longstanding, and is a reflection of USCIS's lack of commitment to Congress' priorities with regard to the EB-5 program.

19. Typically, an I-526 will be assigned to an adjudicator at the IPO, who will conduct an internal review and log what is sometimes an "action" within the computer system used. That action will typically be an approval, a denial, a referral to another office, or, as in Plaintiff's case, an RFE.

20. For a long time, upon information and belief, when a response to an RFE was received, it would be directed to the same adjudicator that had initiated the review, for the purpose of continuity and rapid response. There were a number of structural impediments to the IPO system, but, generally, an applicant could be assured of a fairly rapid response time after the submission of an RFE response.

21. USCIS publishes historic processing times for I-526 Petitions. According to USCIS's data, processing times have grown as follows (data from USCIS website, in months):

FY17/16.6;

FY18/17.9;

FY19/19;

FY20/31.1;

FY21/32.5;

FY22/37.9 (estimated).

22. Clearly, based upon USCIS's own data, there has been a trend toward longer processing times and more lengthy delays over the past 3 years. The only explanation USCIS has ever provided for its lengthy delay in reviewing and deciding I-526 Petitions and related Applications is the Covid-19 pandemic.

23. These delays have plagued the EB-5 Program at all levels, and have grown even though the IPO workload has actually decreased. Interestingly, the rate of denial has also increased. For example, IIUSA, a trade group active in the EB-5 marketplace, reported that, based upon

USCIS's own statistics, the Investor Program Office approved approximately 90.3% of all I-526 Petitions reviewed between July 2017 and June 2019. https://www.americaeb5visa.com/newsblogpage/2019/10/06/IIUSA+Reported+Third+Quarter+Form+I-526+adjudication+trends

24. However, IIUSA reported that, based upon USCIS's statistics, the approval rate for I-526 Petitions has since dropped to a historical low of 58%, notwithstanding that only 3,003 EB-5 investors filed I-526's in the first three quarters of FY 2019 – the lowest number of filings in eight years. Further, only 21 I-526's were filed in the *entirety* of Q2 of FY2020.

25. While the pandemic has likely had some effect on USCIS' overall efficiencies, it cannot account for the entirety of the slowdown in adjudications of I-526 Petitions, because a substantial portion of the USCIS workforce was already authorized to perform telework prior to the pandemic and therefore should have been able to continue its work unabated.

26. Furthermore, during summer 2020, USCIS openly and publicly complained that a lack of filings would cause it to lay-off or furlough 70% of its adjudicators. These furloughs did not happen. The workforce remained intact, and should have been available to accelerate processing, since USCIS reported a decrease in filings of all kinds during FY2020 and offices were closed to the public. In fact, USCIS reported in its 2020 Statistical Annual Report that EB-5 filings dropped 28%, from 15,500 in FY 2018 to only 3,400 in FY 2020.

27. Then, as of June 30, 2021, all adjudications of the so-called "Regional Center Program" I-526s at IPO were suspended in their entirety because of a lapse of appropriation for that part of the EB-5 program. The Regional Center Program historically has amounted for about 90% of all EB-5 filings, meaning that significant internal resources at IPO should have been available for

the adjudications of I-526s and RFEs of petitioners like the Plaintiff, who IS NOT PART OF THE REGIONAL CENTER PROGRAM. The Regional Center program has since been reauthorized, but will not be accepted new Regional Center filings for several more weeks. Upon information and belief, USCIS has never publicly explained what the adjudicators at the IPO were doing - if anything - for the 9 months they were not adjudicating Regional Center files.

28.  The Plaintiff, who has now waited beyond historic mean processing times, has a reasonable expectation that his I-526 will be adjudicated promptly, because the USCIS caseload has, by USCIS' own admission, decreased, and because the services Plaintiffs seek are fee based. That is, Plaintiff has already paid for services that have not been forthcoming.

29. Upon information and belief, up to at least January 20, 2021, when President Biden was sworn in, USCIS deliberately and cynically adopted policies and procedures of delay with regard to Form I-526 Applications in order to discourage future investors, and to frustrate the intent of Congress with regard to the Immigrant Investor Program, and to work an ultra vires reduction in immigration.

30.  Upon information and belief, under the prior administration, USCIS manipulated its posted projected times to send a message to would be applicants that the United States is hostile to them and their dependents. USCIS machinated the increase of processing times through internal and procedural changes that were enacted outside the scope of required notice and comment rule-making.

31. USCIS adopted adjudication policies and criteria that depart from the legal and regulatory standards published with regard to Forms I-526, and from historical norms, resulting in delay,

arbitrary and capricious denials, specious Requests for Evidence (RFE) and Notices of Intent to Deny (NOID) throughout the EB-5 process.

32. President Biden nominated the Defendant Director for USCIS - Ur Jaddhou - who has recognized the prejudice to people like the Plaintiffs as a result of these delays. She said in her Senate confirmation hearings that she intends to address delays generally. However, her intentions have not been translated into agency actions, Hers is a rogue agency, and Plaintiffs are left with the instant remedy.

**V.   Delay Prejudices Plaintiff and his Family Because Their Current Status May Expire**

33. Plaintiff is currently in he United States lawfully on H4 status, but cannot seek the full measure of benefits that a conditional permanent resident would otherwise enjoy.

34.  If Plaintiff is not granted conditional permanent residence by the expiry of his lawful current status, he may be required to leave the United States, and take his children to a land the children have never known as home.

35. Furthermore, until Plaintiff is free to pursue the benefits of conditional permanent residency and then permanent residency, Plaintiff's investment of $500,000 is committed and otherwise unavailable to him. In addition, delays may be cumulative, delaying his ultimate goal - citizenship.

## CLAIMS FOR RELIEF

### COUNT ONE

### ADMINISTRATIVE PROCEDURE ACT

**(Against All Defendants)**

36. The allegations contained in the preceding paragraphs are incorporated as though fully set forth herein.

37. Section 555 of the APA commands administrative agencies to conclude matters presented to the agency for decision "within a reasonable time." See 5 U.S.C. § 555(b)("With due regard for the convenience and necessity of the parties . . . and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it.") (emphasis added).

38. "Agency action" covered by the APA includes "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or *failure to act*." 5 U.S.C. § 551(13) (emphasis added).

39. The APA explicitly provides a right of judicial review to a person "adversely affected or aggrieved" by an agency's "fail[ure] to act" or other such agency action. 5 U.S.C. § 702.

40. When, as here, a proper showing is made, "[t]he reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The court must also "hold unlawful and set aside agency action" that is: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right"; or "without observance of procedure required by law." Id. § 706(2)(A), (C), (D).

41. USCIS, acting through Defendants, has a clear, mandatory duty to review and adjudicate petitions and applications from immigrant investors like Plaintiffs, and issue visas and status when the requirements have been satisfied. See 8 U.S.C. § 1153(b)(5)(A) ("Visas shall be made available . . . to qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise.") (emphasis added); 8 U.S.C. § 1154(b) ("After an investigation of the facts in each case . . . the [Commissioner] *shall*, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made . . . is eligible for preference under [8 U.S.C. § 1153(b)], *approve the petition*.") (emphasis added); 8 C.F.R. § 204.6(k). *See Spencer Enters., Inc. v. United States*, 345 F.3d 683, 689 (9th Cir. 2003).

42. Plaintiff has complied with all the requirements for approval of the Form I-526 and other Applications he filed. See 8 C.F.R. § 204.6.

43. USCIS has unreasonably withheld, and unlawfully and unreasonably delayed acting on Plaintiff's applications in violation of the INA and APA.

44. USCIS has abused its discretion and acted in an arbitrary and capricious manner by subjecting Plaintiff's applications to an unlawful internal policy of enhanced scrutiny ("extreme vetting") that does not apply to other similarly situated applicants, or that is rendered no more acceptable under the law and rules by virtue of it being applied to other similarly situated claimants.

45. Plaintiff has a clear right to have his application adjudicated. The Defendants' delay has deprived Plaintiff of the myriad privileges that accompany conditional permanent resident status in the United States, including the ability to become a permanent resident. See 8 U.S.C. § 1186b.

## COUNT TWO MANDAMUS ACT

### (Against All Defendants)

46. The allegations contained in the preceding paragraphs are incorporated as though fully set forth herein.

47. Plaintiff seeks a writ of mandamus to compel Defendants officer(s) and/or employee(s) of the United States "to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

48. USCIS, acting through Defendants, has a mandatory duty to review and adjudicate Plaintiff's RFE within a "reasonable time" under the INA and APA.

49. USCIS has unlawfully and unreasonably delayed in adjudicating Plaintiff's Form I-526 and RFE despite Plaintiff's applications being in a condition supporting immediate approval.

50. Plaintiff therefore seeks an order compelling USCIS to review and adjudicate his Form I- 526 and/or RFE without further delay and within 15 days.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiffs pray that this Court:

1. Issue a writ of mandamus compelling Defendants to perform the required administrative process of adjudicating the I-526 or RFE within 15 days;

2. Enter a judgment declaring Defendants' unreasonable delay and failure to adjudicate Plaintiff's I-526 and RFE to be in direct violation of the Administrative Procedures Act and the Immigration Nationality Act;

3. Issue an award to Plaintiff of attorney's fees and costs; and

4. Grant such other relief as is just and proper.

## Certification of Unique Subject Matter

The instant matter is not the subject of any other action pending in any other court, or before any arbitration or administrative proceeding.

Dated: March 29, 2022

                                                                        Respectfully submitted,

                                              *s/Stephen P. Pazan*, Esquire

                                                   **Stephen P. Pazan**, Esquire
                                                   20 Brace Road, Suite 350
                                                   Cherry Hill, NJ 08034
                                                   Telephone: 609-634-7336
                                                   spazan@me.com